**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No.    15-50090 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-03059-BEN |
| v. | |
| ERIK ALTAMIRANO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted August 25, 2015[**]

Before:    McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Erik Altamirano appeals from the district court's judgment and challenges

the 18-month sentence imposed following his guilty-plea conviction for

importation of heroin, in violation of 21 U.S.C. §§ 952 and 960.  We have

jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for resentencing.

_____

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Altamirano argues that the district court erred in denying a minor role reduction to his base offense level under U.S.S.G. § 3B1.2(b).  After Altamirano was sentenced, the United States Sentencing Commission issued Amendment 794 ("the Amendment"), which amended the commentary to the minor role Guideline. The Amendment is retroactive to cases pending on direct appeal.  *See United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016).

Among other things, the Amendment added a non-exhaustive list of factors that a court "should consider" in determining whether to apply a minor role reduction.  *See* U.S.S.G. § 3B1.2 cmt. n.3(C) (2015).  Because we cannot definitively determine from the record whether the district court considered all of those factors in determining whether Altamirano was entitled to a minor role adjustment, we vacate Altamirano's sentence and remand for resentencing under the Amendment.  *See Quintero-Leyva*, 823 F.3d at 523-24.

**VACATED and REMANDED for resentencing.**